LEWIS N. LEVY, Bar No. 105975
DANIEL R. BARTH, Bar No. 274009
Levy, Ford & Wallach
3619 Motor Avenue
Los Angeles, CA  90034
Telephone:  (213) 380-3140
Facsimile:  (213) 480-3284
Email: LLevy@lfwlawyers.com
        DBarth@lfwlawyers.com

JEFFREY R. FREUND (Admitted pro hac vice)
ROBERT ALEXANDER (Admitted pro hac vice)
ABIGAIL V. CARTER (Admitted pro hac vice)
PHILIP C. ANDONIAN, Bar No. 222243
Bredhoff & Kaiser, PLLC
805 15th Street N.W., Suite 100
Washington, D.C. 20005
Email: jfreund@bredhoff.com
        ralexander@bredhoff.com
        acarter@bredhoff.com
        pandonian@bredhoff.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA<br><br>Plaintiff,<br>v.<br><br>WARNER BROTHERS ENTERTAINMENT, INC., PARAMOUNT PICTURES CORPORATION, METRO-GOLDWYN-MAYER PICTURES, INC., and COLUMBIA PICTURES INDUSTRIES, INC.<br><br>Defendants. | CASE NO. 2:15-cv-03069-DMG-PJW<br><br>FIRST AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE CASE

1. This is an action under §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, for violations of a collective bargaining agreement to which the Plaintiff American Federation of Musicians of the United States and Canada (hereinafter "AFM") and the Defendants Warner Brothers

1
FIRST AMENDED COMPLAINT
CASE NO. 2:15-cv-03069-DMG-PJW

Entertainment, Inc. (hereinafter "Warner Brothers"), Paramount Pictures Corporation (hereinafter "Paramount"), Metro-Goldwyn-Mayer Pictures, Inc. (hereinafter "MGM"), and Columbia Pictures Industries, Inc. (hereinafter "Columbia") (collectively "Defendants") are parties.  The AFM brings this § 301 action to remedy Defendants' violations of their respective obligations to employ musicians in the United States or Canada under the terms of the collective bargaining agreement to record music in connection with the production of theatrical motion pictures (referred to as "scoring") titled (1) *Interstellar*, (2) *Journey 2: The Mysterious Island*, (3) *Robocop*, and (4) *Carrie*, all of which were produced by one or more of the Defendants in the United States or Canada, but were scored, in violation of the agreement, outside the United States or Canada. This action seeks to recover appropriate breach of contract damages, including but not limited to musician wages payable pursuant to the agreement, to compel Defendants to make the contributions due under the agreement to certain separate musician funds that are maintained under that agreement for the benefit of musicians represented by the AFM, and to obtain a court declaration of the AFM's and the musicians it represents' rights and of the Defendants' duties with respect to the collective bargaining agreement in relation to each Defendant's violation of that agreement.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this lawsuit and parties pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1391(b).

## PARTIES

4. The Plaintiff AFM is a labor organization that represents approximately 80,000 professional musicians in the United States and Canada, including many hundreds of studio recording musicians who work to score motion

pictures produced in this District and throughout the United States and Canada. The AFM is "a labor organization representing employees in an industry affecting commerce" within the meaning of the federal statute, 29 U.S.C. § 185, authorizing "[s]uits for violation of contracts" between such a labor organization and "an employer."

5. The Defendant Warner Brothers produces theatrical motion pictures through its motion picture units, including Warner Brothers Pictures and New Line Cinema, and employs in the United States and Canada professional musicians represented by the AFM in their production. Warner Brothers maintains its headquarters at 4000 Warner Boulevard, Burbank, CA 91522, and engages in business on a regular basis in the Central District of California.

6. The Defendant Paramount produces theatrical motion pictures and employs in the United States and Canada professional musicians represented by the AFM in their production. Paramount maintains its headquarters at 5555 Melrose Avenue, Los Angeles, CA 90038, and engages in business on a regular basis in the Central District of California.

7. The Defendant MGM produces theatrical motion pictures and employs in the United States and Canada professional musicians represented by the AFM in their production. MGM maintains its headquarters at 245 N Beverly Drive, Beverly Hills, CA 90210, and engages in business on a regular basis in the Central District of California.

8. The Defendant Columbia produces theatrical motion pictures and employs in the United States and Canada professional musicians represented by the AFM in their production. Columbia maintains its headquarters at 10202 Washington Boulevard, Culver City, CA 90232, and engages in business on a regular basis in the Central District of California.

9. Each of the Defendants is "an employer" within the meaning of the federal statute, 29 U.S.C. § 185, authorizing "[s]uits for violation of contracts"

3
FIRST AMENDED COMPLAINT

between such an employer and "a labor organization representing employees in an industry affecting commerce."

## FACTS

10. At all times relevant to this lawsuit, the AFM and each of the Defendants were parties to a collective bargaining agreement, titled "Basic Theatrical Motion Picture Agreement of 2010" (hereinafter "Agreement"). The Agreement is a contract between Defendants as employers and the AFM as a labor organization representing employee musicians within the meaning of 29 U.S.C. §185. Each of the Defendants is a "Producer" as to certain theatrical motion pictures within the terms of the Agreement. When executed, the terms of the Agreement were effective for the period April 14, 2010 through February 23, 2013, and were subsequently extended through April 4, 2015.

11. The Agreement set out wage and benefit terms for various defined categories of AFM members, including, *inter alia*, instrumental and orchestral musicians who work to score theatrical motion pictures ("Musicians"). The Agreement governed all work by Musicians "employed by the Producer in the State of California or elsewhere in the United States and Canada and whose services are rendered in connection with the production of theatrical motion pictures." Services "rendered in connection with the production of theatrical motion pictures" include, but are not limited to, recording of music for use in connection with the production, known as "scoring."

12. The Agreement required that "[a]ll theatrical motion pictures produced by the Producer in the United States or Canada, if scored, shall be scored in the United States or Canada," except under circumstances not present here.

13. With respect to a motion picture that was required to be scored in the United States or Canada under the terms of the Agreement, Producers were required to employ Musicians under the terms of the Agreement, and were required, among other things, to provide compensation in accordance with the

compensation terms specified in the Agreement. A Producer's compensation obligations under the Agreement include, but are not limited to: (i) the obligation to make specified minimum wage and other payments; (ii) the obligation to make a specified level of contributions to the American Federation of Musicians and Employers' Pension Fund, and various health benefit funds; and (iii) if appropriate, make contributions to the Film Musicians Secondary Markets Fund for the benefit of Musicians.

14. When a motion picture is required to be scored pursuant to the terms of the Agreement in the United States or Canada, and when Producers employed Musicians pursuant to the terms of the Agreement to perform work covered by the Agreement, each Musician's total hours of service and total wages paid for covered work must be reported to the AFM. The reporting process includes, but is not limited to, submitting standardized documents known as "B forms," which record the work performed by the Musicians, their wages, and their benefits contributions.

15. During the term of the Agreement, including its extension, the following were among the theatrical motion pictures produced in the United States and/or Canada by one or more of the Defendants: (1) *Interstellar*; (2) *Journey 2: The Mysterious Island*; (3) *Robocop*; and (4) *Carrie* (collectively "the Pictures").

16. Warner Brothers was a Producer subject to the terms of the Agreement regarding the motion pictures *Interstellar* and *Journey 2: The Mysterious Island*; Paramount was a Producer subject to the terms of the Agreement regarding the motion picture *Interstellar*; MGM was a Producer subject to the terms of the Agreement regarding the motion pictures *Robocop* and *Carrie*; and Columbia was a Producer subject to the terms of the Agreement regarding the motion picture *Robocop*.

17. Each of the Pictures was scored within the meaning of the Agreement.

18. Scoring of each of the Pictures was conducted outside of the United States or Canada. Additional scoring of one, and on information and belief, all of the pictures was conducted in the United States, but not pursuant to the Agreement, all in violation of the Agreement.

19. The Defendants did not comply with the compensation terms required by the Agreement and in the scoring of the Pictures employed persons who were not Musicians under the terms of the Agreement, in violation of the Agreement.

## CLAIMS FOR RELIEF

### COUNT ONE
Declaratory Judgment
(Against all Defendants)

20. The allegations in Paragraphs 1 through 19 above are re-alleged and incorporated herein by reference.

21. Each of the Defendants was a "Producer" under the terms of the Agreement in connection with the production and scoring of one or more of the Pictures.

22. Each of the Pictures was produced in the United States and/or Canada within the terms of the Agreement and during the effective term of the Agreement and its extension. Pursuant to the Agreement, each of the Pictures was required to be scored in the United States or Canada with Musicians represented by Plaintiff, and Musicians represented by Plaintiff were entitled to the compensation set out in the Agreement.

23. Each of the Defendants employed musicians outside of the United States or Canada to score each of the Pictures as to which it was a Producer.

24. Each of the Defendants conducted scoring of each of the Pictures as to which it was a Producer outside of the United States or Canada, in breach of the express terms of the Agreement.

25. Accordingly, the AFM is entitled to a declaration (1) that each Defendant was a Producer subject to the terms of the Agreement with respect to those motion pictures it is identified as a producer of in Paragraph 16; (2) that each Defendant breached the Agreement when it conducted scoring of the motion picture(s) as to which it was a Producer outside of the United States or Canada, and (3) that each Defendant breached the Agreement when it failed to employ Musicians represented by the AFM under the terms of the Agreement to score the motion pictures produced in the United States or Canada as to which it was a Producer.

**COUNT TWO**
Breach of Contract – 29 U.S.C. § 185
(Against Warner Brothers)

26. The allegations in Paragraphs 1 through 25 above are re-alleged and incorporated herein by reference.

27. Defendant Warner Brothers was a Producer under the terms of the Agreement of the theatrical motion pictures *Interstellar* and *Journey 2: The Mysterious Island*.

28. *Interstellar* and *Journey 2: The Mysterious Island* were produced in the United States.

29. *Interstellar* scoring was conducted outside of the United States or Canada, in Great Britain. In addition, scoring was conducted in the United States, but not pursuant to the Agreement. With respect to the scoring of *Interstellar*, proper compensation and associated payments required under the Agreement were not made to or for the benefit of AFM members, and the AFM and its affiliates were not provided B Forms reflecting the number of sessions performed, the musicians used, and the payments made or due.

30. *Journey 2: The Mysterious Island* scoring was conducted outside of the United States or Canada, in Great Britain. In addition, on information and belief, scoring was conducted in the United States, but not

pursuant to the Agreement. With respect to the scoring of *Journey 2: The Mysterious Island*, proper compensation and associated payments required under the Agreement were not made to or for the benefit of AFM members, and the AFM and its affiliates were not provided B Forms reflecting the number of sessions performed, the musicians used, and the payments made or due.

31. By scoring *Interstellar* and *Journey 2: The Mysterious Island* in the manner described in Paragraphs 29 and 30, Warner Brothers violated and breached the terms of the Agreement.

32. Warner Brothers's violations and breaches of the Agreement have caused financial injuries to the AFM and its members, in an amount to be proven at trial.

**COUNT THREE**
Breach of Contract – 29 U.S.C. § 185
(Against Paramount)

33. The allegations in Paragraphs 1 through 32 above are re-alleged and incorporated herein by reference.

34. Defendant Paramount was a Producer under the terms of the Agreement of the theatrical motion picture *Interstellar*.

35. *Interstellar* was produced in the United States.

36. *Interstellar* scoring was conducted outside of the United States or Canada, in Great Britain. In addition, scoring was conducted in the United States, but not pursuant to the Agreement. With respect to the scoring of *Interstellar*, proper compensation and associated payments required under the Agreement were not made to or for the benefit of AFM members, and the AFM and its affiliates were not provided B Forms reflecting the number of sessions performed, the musicians used, and the payments made or due.

37. By scoring *Interstellar* in the manner described in Paragraph 36, Paramount violated and breached the terms of the Agreement.

38. Paramount's violations and breaches of the Agreement have caused financial injuries to the AFM and its members, in an amount to be proven at trial.

**COUNT FOUR**
Breach of Contract – 29 U.S.C. § 185
(Against MGM)

39. The allegations in Paragraphs 1 through 38 above are re-alleged and incorporated herein by reference.

40. Defendant MGM was a Producer under the terms of the Agreement of the theatrical motion pictures *Carrie* and *Robocop*.

41. *Carrie* and *Robocop* were produced in the United States and/or Canada.

42. *Carrie* scoring was conducted outside of the United States or Canada, in Macedonia. In addition, on information and belief, scoring was conducted in the United States, but not pursuant to the Agreement. With respect to the scoring of *Carrie*, proper compensation and associated payments required under the Agreement were not made to or for the benefit of AFM members, and the AFM and its affiliates were not provided B Forms reflecting the number of sessions performed, the musicians used, and the payments made or due.

43. *Robocop* scoring was conducted outside of the United States or Canada. In addition, on information and belief, scoring was conducted in the United States, but not pursuant to the Agreement. With respect to the scoring of *Robocop*, proper compensation and associated payments required under the Agreement were not made to or for the benefit of AFM members, and the AFM and its affiliates were not provided B Forms reflecting the number of sessions performed, the musicians used, and the payments made or due.

44. By scoring *Carrie* and *Robocop* in the manner described in Paragraphs 42 and 43, MGM violated and breached the terms of the Agreement.

45. MGM's violations and breaches of the Agreement have caused financial injuries to the AFM and its members, in an amount to be proven at trial.

**COUNT FIVE**
Breach of Contract – 29 U.S.C. § 185
(Against Columbia)

46. The allegations in Paragraphs 1 through 45 above are re-alleged and incorporated by reference.

47. Defendant Columbia was a Producer under the terms of the Agreement of the theatrical motion picture *Robocop*.

48. *Robocop* was produced in the United States and/or Canada.

49. *Robocop* scoring was conducted outside of the United States or Canada. In addition, on information and belief, scoring was conducted in the United States, but not pursuant to the Agreement. With respect to the scoring of *Robocop*, proper compensation and associated payments required under the Agreement were not made to or for the benefit of AFM members, and the AFM and its affiliates were not provided B Forms reflecting the number of sessions performed, the musicians used, and the payments made or due.

50. By scoring *Robocop* in the manner described in Paragraph 49, Columbia violated and breached the terms of the Agreement.

51. Columbia's violations and breaches of the Agreement have caused financial injuries to the AFM and its members, in an amount to be proven at trial.

PRAYER FOR RELIEF

WHEREFORE, the AFM respectfully requests that this Court:

(1) Issue the declaratory judgment requested in COUNT ONE;

(2) Award the AFM damages for all losses suffered by the AFM and its members as a result of Defendants' breaches of the Agreement as set out in COUNT TWO, COUNT THREE, COUNT FOUR, and COUNT FIVE;

10
FIRST AMENDED COMPLAINT
CASE NO. 2:15-cv-03069-DMG-PJW

1 (3) Order each Defendant to make appropriate contributions to the American Federation of Musicians and Employers' Pension Fund, various health benefit funds, and to the Film Musicians Secondary Markets Fund for the benefit of Musicians that would have been made if Defendants had not breached the Agreement as set forth in COUNT TWO, COUNT THREE, COUNT FOUR, and COUNT FIVE;

(4) Order each of the Defendants to make such other payments as may have been required if the motion pictures had been scored under the terms of the Agreement in the United States or Canada;

(5) Award the Plaintiff pre-judgment interest as required by law; and

(6) Order such other and further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

DATED: June 5, 2015 /S/ Lewis N. Levy

LEWIS N. LEVY, Bar No. 105975
DANIEL R. BARTH, Bar No. 274009
Levy, Ford & Wallach
3619 Motor Avenue
Los Angeles, CA 90034
Telephone: (213) 380-3140
Facsimile: (213) 480-3284
Email: LLevy@lfwlawyers.com
  DBarth@lfwlawyers.com

JEFFREY R. FREUND (*Admitted pro hac vice*)
ROBERT ALEXANDER (*Admitted pro hac vice*)
ABIGAIL V. CARTER (*Admitted pro hac vice*)
PHILIP C. ANDONIAN, Bar No. 222243
Bredhoff & Kaiser, PLLC
805 15th Street N.W., Suite 100
Washington, D.C. 20005

1
2

Email: jfreund@bredhoff.com
ralexander@bredhoff.com
acarter@bredhoff.com
pandonian@bredhoff.com

3

*Attorneys for Plaintiff*

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28